THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DRI-EAZ PRODUCTS, INC., a Washington corporation,

    Plaintiff,

vs.

DAN DUC NGUYEN aka Dang Duc Nguyen and JANE DOE NGUYEN, a marital community,

    Defendants.

No. C11-1654Z

ORDER

This MATTER comes before the Court on Defendant Jane Doe Nguyen's Motion to Dismiss, docket no. 13. For the reasons stated in this order, the Court GRANTS Defendant's motion to dismiss and DISMISSES Plaintiff's claims against Jane Doe Nguyen without prejudice.

ORDER - 1

## I. Background

Plaintiff Dri-Eaz Products, Inc. ("Dri-Eaz"), a corporation which produces restoration, remediation, and environmental control products, formerly employed defendant Dan Duc Nguyen as Vice President of Global Supply Management. Complaint ¶¶ 1-2 (docket no. 1). Dri-Eaz has brought a Complaint against Mr. Nguyen for breach of contract, breach of fiduciary duty, and misappropriation of trade secrets, alleging that Mr. Nguyen used Dri-Eaz resources to promote the business interests of a third party. Id. at ¶¶ 7.1, 10-18. In the caption of its Complaint, Dri-Eaz included Jane Doe Nguyen as a defendant, and indicated that Mr. and Mrs. Nguyen are a marital community. Id. at 1. In the body of its Complaint, Dri-Eaz defined the defendants to its claims as "Dan Duc and Jane Doe Nguyen (collectively and individually, 'Nguyen')" and indicated that they are domiciled in Florida. Id. at ¶ 2.

## II. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plaintiff is obligated to provide grounds for his entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). A

ORDER - 2

Court may also dismiss a claim that lacks a cognizable legal theory, or the absence of sufficient facts to form a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## III. Discussion

Jane Doe Nguyen moves to dismiss Dri-Eaz's Complaint against her on the basis that the Complaint fails to state factual grounds upon which Plaintiff is entitled to relief. Mrs. Nguyen is correct.

Dri-Eaz does not argue that Mrs. Nguyen herself breached a contract with Dri-Eaz or committed a tort. Rather, in its Response, Dri-Eaz asserts for the first time that Mr. Nguyen established a domicile in Washington and that Mr. and Mrs. Nguyen are a marital community under Washington law. Accordingly, Dri-Eaz argues that because under Washington law, "an obligation incurred or an enterprise undertaken by either spouse during marriage is for the benefit of the community", and the marital community is presumed liable for Mr. Nguyen's torts and breaches of contract, Mrs. Nguyen is properly a defendant. Response at 3 (docket no. 15) (quoting Brubaker v. Hovde, 45 Wn. App. 44, 47 (1986)). Although relying on a correct statement of Washington community property law, Dri-Eaz's analysis has no application to a Complaint that alleges Defendants are domiciled in Florida, and that fails even to properly allege Defendants are a marital community. See Hoffman v. Halden, 268 F.2d 280, 304-05 (9th Cir. 1959) (overruled on other grounds) ("the caption of an action is only the handle to identify it and ordinarily the determination of whether or

not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption."); see also, Sands v. Az Dep't of Corrections, No. 89-15876, 1990 WL 107863, at *2 (9th Cir. Jul. 27, 1990). Accordingly, finding that the factual content alleged in the Complaint does not allow the Court to draw the reasonable inference that Mrs. Nguyen is liable as part of a marital community in Washington for the misconduct alleged against Mr. Nguyen, the Court grants Defendant Jane Doe Nguyen's motion to dismiss. See Iqbal, 129 S. Ct. at 1949.

## IV. Conclusion

(1) Court GRANTS Defendant's motion to dismiss, docket no. 13, and DISMISSES Plaintiff's claims against Jane Doe Nguyen without prejudice.

(2) The Court DIRECTS Plaintiff to file any revised amended complaint, consistent with the Court's Order, within thirty (30) days.

(3) The Court DENIES Defendant's motion for attorney's fees, docket no. 13.

IT IS SO ORDERED.

DATED this 2nd day of February, 2012.

Thomas S. Zilly
United States District Judge