THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DRI-EAZ PRODUCTS, INC. a Washington corporation,

    Plaintiff,

vs.

DAN DUC NGUYEN aka Dang Duc Nguyen and JANE DOE NGUYEN, a marital community,

    Defendants.

No. C11-1654Z

ORDER

This MATTER comes before the Court on Defendant Jane Doe Nguyen's Motion to Dismiss and Alternative Motion for More Definite Statement, docket no. 26. For the reasons stated in this order, the Court GRANTS in PART, DENIES in PART, and STRIKES as MOOT in PART Defendant's motion.

ORDER - 1

I. **Background**

Plaintiff Dri-Eaz Products, Inc. ("Dri-Eaz"), a corporation which produces restoration, remediation, and environmental control products, formerly employed defendant Dan Duc Nguyen as Vice President of Global Supply Management. First Am. Compl. ¶¶ 1-2 (docket no. 24). Dri-Eaz brought its original Complaint against Mr. Nguyen for breach of contract, breach of fiduciary duty, and misappropriation of trade secrets, alleging that Mr. Nguyen used Dri-Eaz resources to promote the business interests of a third party. Compl. at ¶¶ 7.1, 10-18 (docket no. 1). In its original Complaint, Dri-Eaz included Jane Doe Nguyen and indicated she was domiciled in Florida. Id. at ¶ 2. Finding that there were no allegations that Mrs. Nguyen herself participated in the alleged bad acts of Mr. Nguyen, and that "the factual content alleged in the Complaint does not allow the Court to draw the reasonable interference that Mrs. Nguyen is liable as part of a marital community in Washington for the misconduct alleged against Mr. Nguyen," the Court granted Mrs. Nguyen's first motion to dismiss. See Order at 4 (docket no. 21).

Dri-Eaz amended its Complaint, and now states that Mrs. Nguyen is currently a member of a marital community domiciled in Florida, and that Mr. Nguyen relocated from Florida to Washington during the time at question. First Am. Compl. at ¶ 2, 6. Mrs. Nguyen again moves to dismiss, and moves in the alternative for a more definite statement. She moves additionally for an award of attorney's fees as the

prevailing party on a claim for breach of fiduciary duty and under the Uniform Trade Secrets Act, RCW 19.108.040.

## II. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plaintiff is obligated to provide grounds for his entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). A court may also dismiss a claim that lacks a cognizable legal theory, or the absence of sufficient facts to form a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading…which is so vague or ambiguous that the party cannot reasonably prepare a response." However, motions for a more definite statement are disfavored, and "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." Hayton Farms Inc. v. Pro-Fac Corp. Inc., No. C10-520-RSM, 2010 WL 5174349, at *4 (W.D.Wash. Dec.14, 2010) (quoting Castillo v. Norton, 219 F.R.D. 155, 163 (D. Ariz. 2003)). If the opposing party is fairly notified of the nature of the

claim, or the moving party could obtain the missing detail through discovery, the motion should be denied.  Id.

### III. Discussion

Although the First Amended Complaint now states that Mrs. Nguyen is *currently* a member of a marital community domiciled in Florida, and that Mr. Nguyen relocated from Florida to Washington during the time at question, it fails to allege that (1) Mr. and Mrs. Nguyen were married at all relevant times; (2) their marriage constituted a marital community in Washington; and (3) the acts of Mr. Nguyen were taken on behalf of the marital community.  Lacking such allegations, and lacking any allegations that Mrs. Nguyen herself participated in the alleged bad acts, the First Amended Complaint again fails to show that Dri-Eaz is entitled to relief.  See Iqbal, 129 S. Ct. at 1949.  The fact that Mrs. Nguyen is currently married to Mr. Nguyen in Florida, which is not a community property state, is simply not enough to show that she is plausibly liable for Mr. Nguyen's alleged bad acts in Washington.  See Brubaker v. Hovde, 45 Wn. App. 44, 47 (Div 1, 1986) (stating that in Washington, a marital community is "liable for the tort of either spouse if the tort is calculated to be, is done for, or results in a benefit to the community or is committed in the prosecution of the community business"); Powell v. Am. President Lines, LTD, C08-1606MJP, 2009 WL 367209 (W.D. Wash. Feb. 10, 2009) ("Can the wife of a defendant who is domiciled in a non-community property state and who has no direct involvement with the circumstances of the litigation and no other connections with the forum be named in an action against the husband?  The

ORDER - 4

answer is clearly 'no.'"). Accordingly, once again finding that the factual content alleged fails to meet the pleading standard of Rule 8 of the Federal Rules of Civil Procedure, the Court dismisses Plaintiff's claims against Jane Doe Nguyen without prejudice. Because the Court dismisses the claims entirely, Defendant's motion for a more definite statement is stricken as moot.

**IV.  Conclusion**

(1)  The Court GRANTS in PART, DENIES in PART, and STRIKES in PART as MOOT Defendant's motion, docket no. 26. Defendant's motion to dismiss is GRANTED. Plaintiff's claims against Jane Doe Nguyen are DISMISSED without prejudice. Defendant's motion for attorney's fees is DENIED without prejudice. Defendant's motion for a more definite statement is STRICKEN as MOOT.

(2)  The Court DIRECTS Plaintiff to file any revised amended complaint, consistent with the Court's Order, within thirty (30) days.

IT IS SO ORDERED.

DATED this 1st day of May, 2012.

                               THOMAS S. ZILLY
                               United States District Judge